IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WARDELL LEROY GILES,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) Civ. No. 13-1065-SLR
                                        )
ROSLYNN PUMPHREY, et al.,               )
                                        )
            Defendants.                 )

## MEMORANDUM ORDER

At Wilmington this 1⁷ᵗʰday of October, 2013, having screened the case pursuant
to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the motion for injunctive relief (D.I. 6) is **denied**
without prejudice to renew; (2) the motion for mediation for settlement purposes (D.I.
11) is **denied** as premature; (3) the motion for the case to move forward (D.I. 12) is
**denied** as moot; (4) plaintiff may proceed against Roslynn Pumphrey; (5) the claims
against Corrections Community Support Programs, Thorton Pitts, and Christina
Edwards are dismissed as frivolous and for failure to state a claim upon which relief
may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1);
and (6) plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background**. Plaintiff Wardell Leroy Giles ("plaintiff"), an inmate at the
Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and
has been granted in forma pauperis status. He filed a complaint, followed by an
amended complaint, as well as a motion for injunctive relief, a motion for mediation for
settlement purposes, and a motion to move the case forward. (D.I. 2, 6, 10, 11, 12)

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States,* 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

2

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff is a participant in the KEY Program, a substance abuse treatment program. On June 8, 2013, defendant Roslynn Pumphrey ("Pumphrey") authored a learning experience form wherein she described unacceptable behavior by plaintiff. (D.I. 2, ex. B) Plaintiff submitted a grievance on June 10, 2013, regarding the learning experience Pumphrey submitted. (*Id.* at ex. A) Plaintiff alleges that Pumphrey retaliated against him when he indicated that he was going to write to her boss and use the grievance process. In response, Pumphrey "took" from plaintiff all privileges including telephone, visitation, and recreation. At some point in time plaintiff was charged with disorderly or threatening behavior. On August 12, 2013, plaintiff was found not guilty. (D.I. 10, ex. D) After plaintiff filed the instant complaint, Pumphrey and the KEY treatment director moved his program completion date from July 16 to August 14, 2013. As a result, plaintiff filed a motion for injunctive relief (D.I. 6) for protection against further retaliation.

7. **Personal Involvement**. When plaintiff filed his amended complaint, he added defendants Thorton Pitts ("Pitts") and Christina Edwards ("Edwards"). The amended complaint states that they are named as defendants "for the retaliation and wrongs done to plaintiff." (D.I. 10) The allegations are vague and conclusory. A civil rights complaint must state the conduct, time, place, and persons responsible for the

alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). As currently pled, the complaint and its amendment fail to state a claim upon which relief may be granted. Therefore, the claims against Pitts and Edwards will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint to cure the pleading defects.

8. **Medical service provider**. Also named as a defendant is Corrections Community Support Programs ("CCSP"). When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992).

9. In order to establish that CCSP is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CCSP] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

10. The complaint fails to set forth any alleged constitutional violations by CCSP or deliberate indifference by CCSP. For the above reasons, the court will dismiss the

5

claim against CCSP as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and
§ 1915A(b)(1), but will give plaintiff leave to amend.

11. **Miscellaneous motions**. After reviewing plaintiff's motion for injunctive
relief, it appears that the motion is moot. Therefore, the court will deny the motion
without prejudice to renew. Plaintiff's motion seeking mediation is premature. Finally,
the motion for the court to take action in this matter is moot.

12. **Conclusion**. For the above reasons, plaintiff's motions are denied. In
addition, the claims against the Corrections Community Support Programs, Thorton
Pitts, and Christina Edwards are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)
and (ii) and § 1915A(b)(1). Plaintiff has alleged what appears to be a cognizable and
non-frivolous retaliation claim against Roslynn Pumphrey.

13. Plaintiff will be given leave to file an amended complaint to cure the pleading
defects. The amended complaint shall be filed within **thirty (30) days** from the date of
this order. If plaintiff does not file an amended complaint within the time allowed, then
the case will proceed solely against Roslynn Pumphrey and a service order will issue.

UNITED STATES DISTRICT JUDGE