IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARDELL LEROY GILES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSLYNN PUMPHREY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Civ. No. 13-1065-SLR-SRF<br>)<br>)<br>)<br>) |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff Wardell Leroy Giles ("plaintiff"), was a prisoner incarcerated at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware at the time he filed his complaint under 42 U.S.C. § 1983, along with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He proceeds pro se and has been granted leave to proceed in forma pauperis.

**II. RELEASE FROM PRISON**

On June 20, 2013, the court entered an order, granted plaintiff leave to proceed in forma pauperis and assessed a filing fee of $350.00. (D.I. 4) To date, plaintiff has paid $61.48 towards the $350.00 filing fee. On April 10, 2014, the court was advised that plaintiff had been released from prison. Under the Prison Litigation Reform Act, release does not eliminate the obligation of payment of a filing fee that could and should have been met from the trust account while imprisonment continued. *Robbins v. Switzer*, 104 F.3d 895, 899 (7th Cir. 1997); *see also Drayer v. Attorney General*, 81 F. App'x 429 (3d Cir. 2003) (unpublished). Therefore, plaintiff will be ordered to either file

a long form application to proceed without prepayment of fees and affidavit or pay the balance of the $350.00 filing fee owed.

## III. MOTION OF JUDICIAL NOTICE AND REQUEST FOR DOCUMENTS

Plaintiff seeks copies of the complaint and amended complaint for service upon defendants. (D.I. 20) The motion will be denied as moot. Service packets were forwarded to the United States Marshals Service on March 18, 2014.

## IV. REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is bi-polar and has other mental health diagnoses for which he receives medications. (D.I. 24) Because plaintiff raises the issue of mental health, the court addresses whether plaintiff is competent within the meaning of Fed. R. Civ. P. 17(c) and considers plaintiff's requests for counsel.

### A. Standard of Law

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2), whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that

2

the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

### B. Discussion

Here, plaintiff indicates bipolar that he is bi-polar and has other mental health diagnoses for which he receives medications. Attached to the motion is a memo from the Sussex Correctional Mental Health Department dated March 13, 2014, that indicates plaintiff is treated for bipolar disorder, is currently on medication, and appears to be stable. The evidence suffices to place the court on notice that a Rule 17 inquiry is appropriate.

It is undisputed that plaintiff receives treatment for bipolar disorder. However, the record indicates that plaintiff is stable. Plaintiff has filed numerous pleadings in this case. The pleadings are articulate, well-reasoned, and address the issues raised in the complaint. In addition, there is no verifiable evidence that plaintiff is unable to understand the legal proceedings he initiated. For these reasons, the court finds that

the medical evidence of record is sufficiently unpersuasive to support a finding of incompetency.

Under the circumstances, the evidence of incompetency fails to support a conclusion that plaintiff is incompetent. Inasmuch as there is no substantial question regarding the competence of plaintiff, it is not necessary to conduct a Rule 17(c) competency hearing. For the above reasons, the court finds that it is unnecessary to appoint a guardian or counsel to represent plaintiff's interests.

### C. Request for Counsel

Plaintiff requests counsel based upon his treatment for bipolar disorder. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

4

See *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing plaintiff's request, the court concludes that the factors weigh against representation by counsel. As discussed above, the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate plaintiff's ability to articulate his claims and represent himself. Should the need for counsel arise later, the issue can be addressed at that time. The request will be denied without prejudice to renew.

## V. SERVICE

Defendant Roslynn Pumphrey ("Pumphrey"), the sole remaining defendant, has not yet been served. Service was attempted on Pumphrey at the SCI, but the USM-285 form was returned to sender from the facility. Plaintiff is now released. He will be given additional time to locate an address for Pumphrey and provide it to the court so that she may be served.

## VI. CONCLUSION

For the above reasons: (1) plaintiff will be ordered to either file a long form application to proceed without prepayment of fees and affidavit or pay the balance of the $350.00 filing fee owed; (2) the motion of judicial notice (D.I. 20) will be denied as moot; (3) the request for counsel (D.I. 24) will be denied without prejudice to renew; and

(4) plaintiff will be given additional time to locate an address for Pumphrey and provide it to the court so that she may be served.

An appropriate order will be entered.

_____<br>UNITED STATES MAGISTRATE JUDGE

April 15, 2014
Wilmington, Delaware